■ MICHAEL KELLY, as a Taxpayer of the Town of Chester, et al., Respondents, v CHESTER FIRE DISTRICT, Appellant. — In an action for an accounting and other equitable relief, defendant appeals from so much of an order of the Supreme Court, Orange County (Green, J.), entered October 19, 1982, as

denied that part of its cross motion which was for summary judgment as to the third cause of action, which alleges that it violated an "express and/or implied understanding" to purchase an ambulance for the Chester Volunteer Ambulance Corps, Inc., from its capital reserve funds. Order reversed, insofar as appealed from, on the law, without costs or disbursements, cross motion granted and complaint dismissed in its entirety. In 1977 plaintiff Chester Volunteer Ambulance Corps, Inc. (Ambulance Corps), a not-for-profit corporation, joined the Chester Fire District as a fourth company. Thereafter, the Chester Fire District discovered that this arrangement was illegal, and the Ambulance Corps was forced to withdraw. The instant action ensued. Special Term granted defendant's cross motion for summary judgment with respect to all but plaintiffs' third cause of action alleging that defendant violated an "express and/or implied understanding" to purchase an ambulance for the Ambulance Corps from its reserve fund. Special Term held that, with respect to plaintiffs' third cause of action, "triable equitable issues" are presented. We disagree. If the Chester Fire District entered into such an understanding, it committed an *ultra vires* act (see General Municipal Law, § 6-g, subd 11). Plaintiffs rely on general equitable principles and the doctrine of estoppel. However, "estoppel may not be invoked to prevent a municipality from disclaiming the unauthorized or unlawful acts of its officers" (see *La Porto v Philmont,* 39 NY2d 7, 12). Therefore, as a matter of law, plaintiffs are not entitled to the relief requested. Accordingly, their complaint should have been dismissed in its entirety. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur. [116 Misc 2d 334.]